UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL CHOLADEM,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MINNEHAHA COUNTY JAIL WARDEN,<br>in his or her official capacity,<br><br>　　　　　Defendant. | 4:21-CV-04157-KES<br><br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO PROCEED IN FORMA<br>PAUPERIS AND 1915A SCREENING |

　　Plaintiff, Daniel Choladem, an inmate at the Minnehaha County Jail at the start of this lawsuit, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Choladem moves for leave to proceed without prepayment of fees and included a Prisoner Trust Account Report on September 23, 2021. Dockets 2, 3.

I.　　**Motion for Leave to Proceed without Prepayment of Fees**

　　A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is

committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Choladem's prisoner trust account report, the court finds that he has insufficient funds to pay the filing fee. Thus, Choladem's motion for leave to proceed without prepayment of fees (Docket 2) is granted.

## II.     1915A Screening

### A.     Factual Background

The facts alleged in Choladem's complaint are: that on July 22, 2021, Choladem informed Minnehaha County Jail officials, including medical staff, that he was prone to seizures. Docket 1 at 4. He asked to be given a bottom bunk for safety but was given a top bunk despite this request. *Id.* Choladem had a seizure while on the top bunk. *Id.* He fell onto the cement floor, broke top and bottom teeth, wounded his face and skull, and went into a coma. *Id.* Choladem was released from the jail after he recovered from the coma. *Id.*

Choladem asserts claims against the Minnehaha County Jail Warden in his or her official capacity for negligence, reckless indifference, and failure to protect. *Id.* at 2. He seeks a full repair of his dental injuries and fifty thousand dollars for pain and suffering. *Id.* at 7.

### B.     Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even

with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted; or (2) seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C. Legal Analysis

Choladem brings claims against the Minnehaha County Jail Warden in his or her official capacity. Docket 1 at 2. This individual is an employee of the Minnehaha County Jail. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Choladem's official capacity claims are the equivalent of claims against the Minnehaha County Jail.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.* Here, Choladem makes no allegations regarding the Minnehaha County Jail's policies or customs. Thus, his claims against the Minnehaha County Jail Warden are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### D. Strike Under 28 U.S.C. § 1915(g)

The court finds that Choladem's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Choladem's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1. That Choladem's motion for leave to proceed without prepayment of fees (Docket 2) is granted.
2. That Choladem's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
3. That this action constitutes a strike against Choladem for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).
4. That judgment is entered in favor of the Minnehaha County Jail Warden and against Choladem.

Dated October 6, 2021.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE